TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-98-00153-CR







Edwin Harris Mann, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 97-454-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 Appellant's motion for rehearing is granted. The opinion and judgment dated
December 16, 1999, are withdrawn. 

 A jury found appellant guilty of felony driving while intoxicated (DWI). See Tex.
Penal Code Ann. §§ 49.04(a), .09(b) (West Supp. 2000). Also, an affirmative finding was made
on appellant's use of a deadly weapon. Punishment, enhanced by two prior felony convictions,
was assessed by the jury at confinement for fifty years. Appellant asserts six points of error,
contending that error occurred in the trial court because:  (1) the jury finding of a deadly weapon
in a felony DWI is not authorized under Texas law; (2) the jury instruction regarding the use of
a deadly weapon was fundamentally defective; (3) video tapes were not provided to appellant and
were improperly admitted in evidence; (4) an audio tape was improperly admitted in evidence
because it was not provided to appellant; (5) the audio tape was improperly admitted in evidence
because there was no showing of a voluntary waiver of rights; and (6) appellant was denied a
hearing to determine the preliminary question of admissibility of an extraneous offense. We will
affirm.

 On February 14, 1997, Round Rock police officer Roberta Cline was in route to
a magistrate's office to obtain a warrant for appellant's arrest on an assault complaint when she
observed a vehicle in downtown Round Rock that matched the description of appellant's vehicle. 
As she approached appellant's vehicle, appellant drove his vehicle "completely upon the south
curb" before returning to the roadway. Cline stated she called for "back-up" before stopping
appellant because of appellant's reported violence that had resulted in the assault complaint. As
appellant approached a curve at Trinity Nursing Home, appellant drove his vehicle in a straight
line and "almost hit another vehicle head-on. The reason he didn't was because the driver took
evasive action." Fearing that appellant was "going to kill or injure someone," Cline waited no
longer to activate her overhead lights and siren. Other officers had responded to Cline's request
for back-up by the time appellant ultimately brought his vehicle to a stop after turning onto
another street and entering an apartment complex. When appellant exited his vehicle he was
unsteady and leaned on his car for support. His clothes were in disarray and had a "strong odor
of alcohol." Appellant was belligerent and would not obey the officer's request to put his hands
up. Cline and two other officers opined that appellant was intoxicated.

 Mike Kincaid, a police officer with the City of Round Rock, testified that he had
made several hundred DWI arrests. Given the circumstances of the instant case, Kincaid opined
that appellant's vehicle could have caused serious bodily injury or death.

 While appellant does not challenge the sufficiency of the evidence to prove that he
was guilty of DWI, appellant contends that a deadly weapon finding may not be entered where
the defendant is convicted solely of driving while intoxicated. Appellant directs our attention to
Williams v. State, 970 S.W.2d 566 (Tex. Crim. App. 1998), as authority to support his position
that a deadly weapon finding is not authorized in a felony DWI. Our review of Williams reflects
a much narrower holding. The court of criminal appeals held that the court of appeals' finding
that the evidence was insufficient to support a deadly weapon finding should have resulted in
deleting the deadly weapon finding rather than ordering a new trial on punishment. See Williams,
970 S.W.2d at 566; see also Williams v. State, 946 S.W.2d 432, 436 (Tex. App.--Fort Worth
1997).

 Appellant contends that in a prosecution for driving while intoxicated, the act of
driving the automobile is an element of the offense and cannot be the basis of a deadly weapon
finding. He argues that a deadly weapon finding requires evidence that the defendant used the
weapon to facilitate the commission of a separate and distinct offense, citing cases holding that
the unauthorized possession of a deadly weapon without an associated felony will not support a
deadly weapon finding. See Narron v. State, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992); Ex
parte Petty, 833 S.W.2d 145, 146 (Tex. Crim. App. 1992). A similar argument was raised and
rejected in Tyra v. State, 897 S.W.2d 796, 798 (Tex. Crim. App. 1995). The defendant in Tyra
was convicted of causing the death of an individual by reason of operating a motor vehicle while
intoxicated. See Tex. Penal Code Ann. § 49.08 (West Supp. 2000). The court upheld the
affirmative finding that the defendant used the automobile as a deadly weapon in the commission
of the offense. Tyra, 897 S.W.2d at 799. The court held that there is "nothing in the phrase
'used a deadly weapon' to imply that it must always be used to commit an 'associated offense.'"
Id. at 798. 

Appellant also argues that the affirmative finding was unlawful because the DWI
offense was a misdemeanor at its inception and was enhanced to a felony by prior convictions. 
We reject appellant's argument that a DWI with three prior DWI convictions alleged to elevate
the offense to a felony is a misdemeanor at its inception. The prior convictions are elements of
the felony offense under section 49.09(b). See Penal Code § 49.09(b); Barfield v. State, 999
S.W.2d 23, 25 (Tex. App.--Houston [14th Dist.] 1999, pet. granted); Jimenez v. State, 981
S.W.2d 393, 396 (Tex. App.--San Antonio 1998, pet. ref'd); see also Pope v. State, 802 S.W.2d
418, 421 (Tex. App.--Austin 1991, no pet.). The opinion on which appellant relies, Dickson v.
State, 986 S.W.2d 799, 803-04 (Tex. App.--Waco 1999, no pet.), is not a DWI case and is legally
distinguishable. 

All felonies are theoretically susceptible to an affirmative weapon finding for the
purposes of denial of community supervision and limitation of parole eligibility. See Patterson
v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989); Tex. Code Crim. Proc. Ann. art. 42.12,
§ 3g(a)(2) (West Supp. 2000), Tex. Gov't Code Ann. § 49.09(b) (West Supp. 2000). Applicable
to the instant case, a "deadly weapon" means anything that in the manner of its use or intended
use is capable of causing death or serious bodily injury. See Tex. Penal Code Ann. §
1.07(a)(17)(B) (West 1994).

The Fort Worth Court of Appeals has considered whether a defendant's vehicle
may constitute a deadly weapon used in committing a felony DWI. In Williams, the court held
that a deadly weapon finding was not permissible absent evidence that another motorist was on
the highway at the time and place the defendant drove in an intoxicated condition. See Williams,
946 S.W.2d at 434. In Davis v. State, 964 S.W.2d 352, 354 (Tex. App.--Fort Worth 1998, no
pet.), the court distinguished Williams in holding that there was evidence to support a deadly
weapon finding in a felony DWI. The court noted that the testimony showed that the defendant
weaved and drove in the oncoming lane of traffic resulting in another vehicle having to take
evasive action to avoid a collision. Id.

In the instant cause, the pivotal question is whether, upon the evidence in the
record, the vehicle that appellant drove should be classified as a deadly weapon because it was
capable of causing serious bodily injury or death in the manner of its use or intended use while
appellant committed the felony DWI. To sustain a deadly weapon finding requires evidence that
others were endangered, and not merely a hypothetical potential for danger if others had been
present. In the instant cause, testimony shows that appellant "almost hit another vehicle head-on"
when appellant's vehicle crossed the center line. The reason a collision did not occur was because
the oncoming vehicle "took evasive action." Opinion testimony by an officer experienced in
reconstructing accidents showed that a collision under the circumstances was capable of causing
death or serious bodily injury. We hold that there is sufficient evidence to support the finding that
appellant used his vehicle in a manner capable of causing serious bodily injury or death during
the commission of the felony DWI offense. Appellant's first point of error is overruled.

The court submitted the deadly weapon question to the jury as a special issue.
Appellant contends in his second point of error that the court fundamentally erred because it did
not require the jury to find that he intentionally or knowingly used his vehicle as a deadly weapon. 
The courts have consistently held that no intent to use an instrument as a deadly weapon must be
shown to support an affirmative finding. See Walker v. State, 897 S.W.2d 812, 814 (Tex. Crim.
App. 1995); Ex parte Franklin, 757 S.W.2d 778, 783 (Tex. Crim. App. 1988); Lozano v. State,
860 S.W.2d 152, 156 (Tex. App.--Austin 1993, pet. ref'd); Roberts v. State, 766 S.W.2d 578, 579
(Tex. App.--Austin 1989, no pet.). Point of error two is overruled.

In his third point of error, appellant contends that two videotapes taken after his
arrest were improperly admitted because they were not timely provided to the defense. No oral
statement made as a result of custodial interrogation shall be admissible against the accused unless
"not later than the 20th day before the date of the proceeding, the attorney representing the
defendant is provided with a true, complete and accurate copy of all recordings made under this
article." Tex. Code Crim. Proc. Ann. art. 38.22, § 3(a)(5) (West Supp. 2000).

Following a hearing outside the presence of the jury, the redacted second tape was
exhibited to the jury. Our review of the tape shows Officer Cline asking appellant to perform a
sobriety test by walking a marked triangle on the floor of the police station. Appellant was
uncooperative, unsteady on his feet, and at one point fell on the floor. Appellant partially walked
the marked area on two occasions after continually asking the officers to perform the test. 

A distinction is made between a defendant reciting the alphabet or performing other
sobriety tests, as opposed to a defendant undergoing an interrogation by being asked whether he
was driving a car, how much he had to drink, and when he last ate a meal. See Wright v. State,
932 S.W.2d 572, 575 (Tex. App.--Tyler 1995, no pet.). Police requests that suspects perform
sobriety tests and directions on how to do the tests do not constitute custodial interrogation. See
Jones v. State, 795 S.W.2d 171, 176 (Tex. Crim. App. 1990). Our review of the video tape
shows that there was no custodial interrogation subject to the provisions of article 38.22. 
Accordingly, we hold that the trial court did not err when it admitted the video tape in evidence. 
Point of error three is overruled.

In his fourth point of error, appellant contends that the trial court erred in admitting
an audio tape made while appellant was being transported to the police station because the tape
was not provided to the defense as required by article 38.22, section 3(a)(5). The testimony of
the officers shows that the audio recording was activated when appellant persisted in hitting his
head against the divider between the back and front seats and stated "Y'all are beating the hell out
of me." Our review of the tape reflects bumping sounds and the officers telling appellant to stop. 
Appellant asked numerous times why he was being arrested and each time the officers advised him
it was for the offense of driving while intoxicated. Appellant would always reply, "I don't
understand." On one occasion when appellant stated they were "beating the hell out of me" the
officers asked who was in the back seat with him, and appellant responded a "lawyer." 
Appellant's speech was slurred and he continued talking despite one of the officers reminding him
that under the warning he had been given that he did not have to say anything.

Our review of the audio tape reflects no custodial interrogation that would require
compliance with article 38.22. We hold that the trial court did not err in admitting the audio tape. 
Point of error four is overruled. Our disposition of point of error four also is dispositive of
appellant's fifth point of error.

In his sixth point of error, appellant contends the trial court erred in denying him
a hearing under Texas Rule of Evidence 104(b) to determine the preliminary question of the
admissibility of extraneous offenses during the punishment phase of the trial. The prosecutor
advised the court that he intended to offer testimony of the following:


Mr. McDonald: I'm also planning on calling a woman by the name of Tina
Questel . . . who is the defendant's ex-wife who I believe is
going to testify as to some physical abuse that she suffered at
the hands of the defendant while they were married, as to his
drug usage, as to going as far as selling all the furniture out of
the house at one point to buy drugs.



Before Questel was called as a witness, defense counsel asked for a hearing outside
the presence of the jury to have the trial court "determine independently prior to the jury hearing
whether or not the court finds beyond a reasonable doubt that the charge would be true," a request
the trial court denied. Questel, married to appellant during the eighties and mother of two of his
children, testified to appellant breaking her jaw, "beating the tar out of her," and striking her so
hard with a rod that she could not get up from the floor. In addition, Questel testified to
appellant's excessive use of alcohol and other substances.

The trial court has the responsibility of determining the threshold admissibility of
extraneous offense evidence at the punishment phase; that is, the court must make an initial
determination at the proffer of the evidence that a jury could reasonably find beyond a reasonable
doubt that the defendant committed the extraneous offense. See Mitchell v. State, 931 S.W.2d
950, 954 (Tex. Crim. App. 1996); see also Harrell v. State, 884 S.W.2d 154, 160 (Tex. Crim.
App. 1994). Appellant cites no authority to support his claim that, under rule 104(b), this initial
determination must be made by the court following a hearing as opposed to some other form of
preliminary review. (1) The opinion cited by appellant, Kutzner v. State, 994 S.W.2d 180, 189
(Tex. Crim. App. 1999), does not so hold.

Our research reflects that Welch v. State, 993 S.W.2d 690 (Tex. App.--San Antonio
1999, no pet.), is the only case that considered a similar issue. Like the instant cause, Welch
contended that the trial court erred during the punishment stage by admitting evidence of
extraneous offenses without first hearing the evidence outside the jury's presence to determine
whether the State had proved the offense beyond a reasonable doubt. The State made a written
proffer of how it would prove Welch assaulted four other victims. The defendant's request for
a hearing outside the presence of the jury was denied. The trial court later ruled that the State's
written proffer satisfied the requirements of Texas Code of Criminal Procedure article 37.07. See
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000). Witnesses testified as to the
extraneous offenses, and the trial court instructed the jury it could not consider the extraneous
offenses unless it believed the State proved them beyond a reasonable doubt. The Welch court
held, "Neither the statute nor precedent require a hearing. . . . Even if the trial court erred, there
was no harm." Id. at 697. The court further noted that appellant did not argue that the State
failed to prove the offenses beyond a reasonable doubt. Id.

In the instant cause, as in Welch, no objection was made at trial under Rule 104. 
While the trial court made no express ruling on the admissibility of the extraneous offenses, its
denial of appellant's request for a hearing following the State's proffer constitutes an implied
ruling of admissibility. As in Welch, the trial court gave the proper jury instruction on burden
of proof of extraneous offenses. Like Welch, appellant does not contend that the State failed to
prove the extraneous offenses beyond a reasonable doubt. An appellate court reviews the trial
court's decision to admit extraneous offense evidence under the abuse of discretion standard. See
Mitchell, 931 S.W.2d at 953. We hold that the trial court's refusal to hold a hearing outside the
presence of the jury on the admissibility of extraneous offense evidence resulted in no harm to
appellant. No abuse of discretion is shown in the trial court's admission of evidence of extraneous
offenses. Appellant's sixth point of error is overruled.


The judgment is affirmed.



 


 Tom G. Davis, Justice

Before Justices Jones, Kidd and Davis* 

Affirmed

Filed: January 13, 2000

Publish





















* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Texas Rule of Evidence 104(a)(b) provides that preliminary questions concerning
admissibility of evidence should be determined by the court, subject to provision (b). Rule 104(b)
provides:


Relevancy Conditioned on Fact. When the relevancy of evidence depends upon
the fulfillment of a condition of fact, the court shall admit it upon, or subject to,
the introduction of evidence sufficient to support a finding of the fulfillment of
the condition.



d 180, 189
(Tex. Crim. App. 1999), does not so hold.

Our research reflects that Welch v. State, 993 S.W.2d 690 (Tex. App.--San Antonio
1999, no pet.), is the only case that considered a similar issue. Like the instant cause, Welch
contended that the trial court erred during the punishment stage by admitting evidence of
extraneous offenses without first hearing the evidence outside the jury's presence to determine
whether the State had proved the offense beyond a reasonable doubt. The State made a written
proffer of how it would prove Welch assaulted four other victims. The defendant's request for
a hearing outside the presence of the jury was denied. The trial court later ruled that the State's
written proffer satisfied the requirements of Texas Code of Criminal Procedure article 37.07. See
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a) (West Supp. 2000). Witnesses testified as to the
extraneous offenses, and the trial court instructed the jury it could not consider the extraneous
offenses unless it believed the State proved them beyond a reasonable doubt. The Welch court
held, "Neither the statute nor precedent require a hearing. . . . Even if the trial