TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00420-CR







Taurus Stubbs, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT


NO. 99-797-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING






A jury found appellant Taurus Stubbs guilty of possessing more than four grams 
but less than two hundred grams of cocaine. See Tex. Health & Safety Code Ann. § 481.115(a),
(d) (West Supp. 2001). The jury assessed punishment, enhanced by a previous felony conviction,
at imprisonment for forty-five years. We will affirm.

Appellant was driving an automobile north on Interstate 35 when he was stopped
for a traffic offense by Department of Public Safety Trooper Chance Collins. Three children,
ages ten, eight, and five, were in the car with appellant. After speaking to appellant outside the
car, Collins returned to his patrol vehicle to use the radio. Appellant got back in his car and
drove away. Collins pursued appellant for about three miles. During his flight, appellant left the
interstate, drove across the grassy area separating the highway from the access road, and then
proceeded along the access road until he reached a wooded area. Appellant then stopped, got out
of his car, and ran into the woods. Collins chased appellant on foot, and ultimately took him into
custody. A camera mounted in Collins's patrol vehicle recorded the incident on videotape. 

Collins testified that he saw "a white object that appeared to be a bag" in
appellant's right hand as he ran from his car. A photograph taken from the videotape confirms
the officer's testimony. Following appellant's arrest, a dog trained to locate narcotics found a
white bag containing 57.2 grams of cocaine in the woods where appellant had fled on foot. In
addition, a folded napkin containing .16 gram of cocaine was found in appellant's pants pocket.

The indictment accused appellant of possessing between four and two hundred
grams of cocaine with intent to deliver. See Tex. Health & Safety Code Ann. § 481.112(d) (West
Supp. 2001). As authorized by the district court in its charge, the jury found appellant guilty of
the lesser included offense of simple possession. See id., § 481.115(d). In his first point of error,
appellant contends the district court erred by refusing to instruct the jury on the lesser included
offense of possession of less than four grams of cocaine.

A defendant is entitled to an instruction on a lesser included offense if there is
evidence that would permit the jury rationally to find that, if the defendant is guilty, he is guilty
only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). 
An issue as to whether the defendant is guilty only of the lesser included offense is raised if there
is evidence that affirmatively rebuts or negates an element of the greater offense, or if the
evidence is subject to different interpretations, one of which rebuts or negates the crucial element. 
Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d
390, 391-92 (Tex. Crim. App. 1992). Appellant argues that in this case, the jury could have
believed that he did not possess the 57.2 grams of cocaine found in the woods and therefore have
found that he was guilty only of possessing the .16 gram found in his pocket.

Possession of less than one gram of cocaine is a state jail felony. See Tex. Health
& Safety Code Ann. § 481.115(b). Possession of more than one gram but less than four grams
is a third degree felony. See id., § 481.115(c). Appellant requested an instruction on "possession
under four grams," which is commonly understood by the bench and bar to be a reference to the
third degree felony. There is no possible interpretation of the evidence by which the jury could
have rationally concluded that appellant possessed more than one gram but less than four grams
of cocaine. Neither appellant's objection to the charge nor the requested instruction he dictated
into the record distinctly specified that he desired an instruction on possession of less than one
gram of cocaine. See Tex. Code Crim. Proc. Ann. arts. 36.14, .15 (West Supp. 2001). No error
is presented. See Posey v. State, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998). Point of error
one is overruled.

The district court's judgment reflects a jury finding that appellant used his
automobile as a deadly weapon during the commission of the offense or during immediate flight
therefrom. See Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2001). 
Appellant's second point of error is that the evidence does not support the finding that his
automobile was a deadly weapon. 

All felonies, including drug offenses, are susceptible to an affirmative weapon
finding. Patterson v. State, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). In the context of this
case, a "deadly weapon" is anything that in the manner of its use or intended use is capable of
causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). 
This Court has recognized that an automobile can be a deadly weapon even if neither death nor
serious bodily injury actually results from its use. See Mann v. State, 13 S.W.3d 89, 92 (Tex.
App.--Austin, pet. granted). Mann was a prosecution for driving while intoxicated. We stated that
to sustain the deadly weapon finding, there must be evidence that other people were endangered
by the defendant's use of the vehicle, and not merely a hypothetical potential for danger if others
had been present. Id. We concluded that the finding was supported by testimony that the
defendant "almost hit another vehicle head-on" when he drove across the center line of the
highway and forced an oncoming vehicle to take "evasive action." Id.

 Trooper Collins testified that appellant almost struck another vehicle as he drove
away from the site of the initial traffic stop. Appellant then drove across the grass and onto the
two-way frontage road, where at times he drove on the wrong side of the road. Appellant ran a
stop sign on the frontage road, driving around a pickup stopped at the intersection and swerving
to avoid colliding with an eighteen-wheel tractor-trailer that was entering the intersection. All of
this was captured on the videotape, and photographs from the tape appear in the record. We hold
that this evidence is legally sufficient to support the jury's finding that appellant used his
automobile in a manner capable of causing death or serious bodily injury to the occupants of the
other vehicles, as well as to the three children in the car with him. Point of error two is
overruled.


The judgment of conviction is affirmed.



 __________________________________________

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: March 29, 2001

Do Not Publish



rict court erred by refusing to instruct the jury on the lesser included
offense of possession of less than four grams of cocaine.

A defendant is entitled to an instruction on a lesser included offense if there is
evidence that would permit the jury rationally to find that, if the defendant is guilty, he is guilty
only of the lesser offense. Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). 
An issue as to whether the defendant is guilty only of the lesser included offense is raised if there
is evidence that affirmatively rebuts or negates an element of the greater offense, or if the
evidence is subject to different interpretations, one of which rebuts or negates the crucial element. 
Schweinle v. State, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); Saunders v. State, 840 S.W.2d
390, 391-92 (Tex. Crim. App. 1992). Appellant argues that in this case, the jury could have
believed that he did not possess the 57.2 grams of cocaine found in the woods and therefore have
found that he was guilty only of possessing the .16 gram found in his pocket.

Possession of less than one gram of cocaine is a state jail felony. See Tex. Health
& Safety Code Ann. § 481.115(b). Possession of more than one gram but less than four grams
is a third degree felony. See id., § 481.115(c). Appellant requested an instruction on "possession
under four grams," which is commonly understood by the bench and bar to be a reference to the
third degree