# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00420-CR

**Taurus Stubbs, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT
## NO. 99-797-K277, HONORABLE JOHN R. CARTER, JUDGE PRESIDING

A jury found appellant Taurus Stubbs guilty of possessing more than four grams but less than two hundred grams of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2001). The jury assessed punishment, enhanced by a previous felony conviction, at imprisonment for forty-five years. We will affirm.

Appellant was driving an automobile north on Interstate 35 when he was stopped for a traffic offense by Department of Public Safety Trooper Chance Collins. Three children, ages ten, eight, and five, were in the car with appellant. After speaking to appellant outside the car, Collins returned to his patrol vehicle to use the radio. Appellant got back in his car and drove away. Collins pursued appellant for about three miles. During his flight, appellant left the interstate, drove across the grassy area separating the highway from the access road, and then proceeded along the access road until he reached a wooded area. Appellant then stopped, got out

of his car, and ran into the woods. Collins chased appellant on foot, and ultimately took him into custody. A camera mounted in Collins's patrol vehicle recorded the incident on videotape.

Collins testified that he saw "a white object that appeared to be a bag" in appellant's right hand as he ran from his car. A photograph taken from the videotape confirms the officer's testimony. Following appellant's arrest, a dog trained to locate narcotics found a white bag containing 57.2 grams of cocaine in the woods where appellant had fled on foot. In addition, a folded napkin containing .16 gram of cocaine was found in appellant's pants pocket.

The indictment accused appellant of possessing between four and two hundred grams of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. § 481.112(d) (West Supp. 2001). As authorized by the district court in its charge, the jury found appellant guilty of the lesser included offense of simple possession. *See id.*, § 481.115(d). In his first point of error, appellant contends the district court erred by refusing to instruct the jury on the lesser included offense of possession of less than four grams of cocaine.

A defendant is entitled to an instruction on a lesser included offense if there is evidence that would permit the jury rationally to find that, if the defendant is guilty, he is guilty only of the lesser offense. *Rousseau v. State*, 855 S.W.2d 666, 672-73 (Tex. Crim. App. 1993). An issue as to whether the defendant is guilty only of the lesser included offense is raised if there is evidence that affirmatively rebuts or negates an element of the greater offense, or if the evidence is subject to different interpretations, one of which rebuts or negates the crucial element. *Schweinle v. State*, 915 S.W.2d 17, 19 (Tex. Crim. App. 1996); *Saunders v. State*, 840 S.W.2d 390, 391-92 (Tex. Crim. App. 1992). Appellant argues that in this case, the jury could have

believed that he did not possess the 57.2 grams of cocaine found in the woods and therefore have found that he was guilty only of possessing the .16 gram found in his pocket.

Possession of less than one gram of cocaine is a state jail felony. *See* Tex. Health & Safety Code Ann. § 481.115(b). Possession of more than one gram but less than four grams is a third degree felony. *See id.*, § 481.115(c). Appellant requested an instruction on "possession under four grams," which is commonly understood by the bench and bar to be a reference to the third degree felony. There is no possible interpretation of the evidence by which the jury could have rationally concluded that appellant possessed more than one gram but less than four grams of cocaine. Neither appellant's objection to the charge nor the requested instruction he dictated into the record distinctly specified that he desired an instruction on possession of less than one gram of cocaine. *See* Tex. Code Crim. Proc. Ann. arts. 36.14, .15 (West Supp. 2001). No error is presented. *See Posey v. State*, 966 S.W.2d 57, 61-62 (Tex. Crim. App. 1998). Point of error one is overruled.

The district court's judgment reflects a jury finding that appellant used his automobile as a deadly weapon during the commission of the offense or during immediate flight therefrom. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 2001). Appellant's second point of error is that the evidence does not support the finding that his automobile was a deadly weapon.

All felonies, including drug offenses, are susceptible to an affirmative weapon finding. *Patterson v. State*, 769 S.W.2d 938, 940 (Tex. Crim. App. 1989). In the context of this case, a "deadly weapon" is anything that in the manner of its use or intended use is capable of

3

causing death or serious bodily injury. Tex. Penal Code Ann. § 1.07(a)(17)(B) (West 1994). This Court has recognized that an automobile can be a deadly weapon even if neither death nor serious bodily injury actually results from its use. *See Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.–Austin, pet. granted). *Mann* was a prosecution for driving while intoxicated. We stated that to sustain the deadly weapon finding, there must be evidence that other people were endangered by the defendant's use of the vehicle, and not merely a hypothetical potential for danger if others had been present. *Id*. We concluded that the finding was supported by testimony that the defendant "almost hit another vehicle head-on" when he drove across the center line of the highway and forced an oncoming vehicle to take "evasive action." *Id*.

Trooper Collins testified that appellant almost struck another vehicle as he drove away from the site of the initial traffic stop. Appellant then drove across the grass and onto the two-way frontage road, where at times he drove on the wrong side of the road. Appellant ran a stop sign on the frontage road, driving around a pickup stopped at the intersection and swerving to avoid colliding with an eighteen-wheel tractor-trailer that was entering the intersection. All of this was captured on the videotape, and photographs from the tape appear in the record. We hold that this evidence is legally sufficient to support the jury's finding that appellant used his automobile in a manner capable of causing death or serious bodily injury to the occupants of the other vehicles, as well as to the three children in the car with him. Point of error two is overruled.

The judgment of conviction is affirmed.

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   March 29,  2001

Do Not Publish

5