TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00295-CR







Abraham Garcia, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 52,862, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING







A jury found appellant Abraham Garcia guilty of two counts of aggravated assault
with a deadly weapon. The district court assessed punishment for each count, enhanced by a
previous felony conviction, at imprisonment for life. Appellant contends the evidence is legally and
factually insufficient to sustain the convictions, and that the court erred by refusing to submit
instructions on lesser included offenses. We will affirm.

Appellant, intoxicated and driving a stolen truck, attempted to flee from the police. 
A chase ensued in which appellant reached speeds exceeding 100 miles-per-hour. As he approached
an overpass at Interstate 35, he lost control of the truck, drove down a grassy embankment and
through a guard rail, and entered the lanes of oncoming interstate highway traffic. Appellant collided
with a tractor-trailer, injuring the driver and her passenger.

The two counts of the indictment alleged that appellant intentionally, knowingly, or
recklessly caused bodily injury to the complainants by causing the truck he was driving to collide
with the complainants' vehicle, and that he used his truck as a deadly weapon during the commission
of the assaults. (1) See Tex. Pen. Code Ann. §§ 22.01(a)(1) (West Supp. 2002), .02(a)(2) (West 1994). 
Appellant does not dispute that he was shown to have recklessly caused bodily injury to the
complainants, but he urges in point of error one that the State failed to prove that his truck was a
deadly weapon. 

In determining appellant's legal sufficiency challenge, the question is whether, after
viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could
have found beyond a reasonable doubt that the truck was a deadly weapon. See Jackson v. Virginia,
443 U.S. 307, 324 (1979); Griffin v. State, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In
determining his factual sufficiency challenge, the question is whether a neutral review of all the
evidence demonstrates that the proof of this element is so obviously weak or so greatly outweighed
by contrary proof as to undermine confidence in the jury's finding. See Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000).

A deadly weapon can be "anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury." Tex. Pen. Code Ann. § 1.07(a)(17)(B) (West
1994) (emphasis added). Citing opinions applying the "intended use" aspect of this definition,
appellant argues that the State failed to prove that he intended to injure the complainants with his
truck. See McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000) (butcher knife was visible
in defendant's pocket as he assaulted robbery victim; evidence supported finding that he intended
to use knife in manner capable of causing death or serious bodily injury); Bailey v. State, 46 S.W.3d
487, 491 (Tex. App.--Corpus Christi 2001, pet. ref'd) (defendant struck assault victim with boards;
evidence supported finding that he intended to use boards in manner capable of causing death or
serious bodily injury). These opinions are inapplicable here because appellant in fact used his truck
in a manner capable of causing death or serious bodily injury.

An intent to achieve a specific purpose is not necessary to support a finding that an
object was a deadly weapon in the manner of its use. Walker v. State, 897 S.W.2d 812, 814 (Tex.
Crim. App. 1995). This Court was recently asked to decide if the evidence supported a finding that
a defendant convicted of driving while intoxicated had used his vehicle as a deadly weapon during
the commission of the offense. Mann v. State, 13 S.W.3d 89, 92 (Tex. App.--Austin 2000), aff'd,
58 S.W.3d 132 (Tex. Crim. App. 2001); see Tex. Code Crim. Proc. Ann. art. 42.12, § 3(g)(a)(2)
(West Supp. 2002). We held that evidence the defendant crossed the center line of the highway and
forced another vehicle to take evasive action to avoid a head-on collision supported a finding that
he used his vehicle in a manner capable of causing serious bodily injury or death. Mann, 13 S.W.3d
at 92. Similarly, we hold in this cause that the evidence of appellant's actual use of his truck--
driving over 100 miles-per-hour, losing control and entering lanes of oncoming traffic, colliding with
another vehicle--is both legally and factually sufficient to sustain the jury's conclusion that appellant
used the truck as a deadly weapon during the commission of the assaults. Point of error one is
overruled.

In point of error two, appellant contends the district court should have instructed the
jury on the lesser included offenses of assault and deadly conduct. A defendant is entitled to the
submission of a lesser offense if (1) that offense is included within the proof necessary to establish
the charged offense and (2) there is some evidence that would permit the jury to rationally find that
the defendant is guilty only of the lesser offense. Solomon v. State, 49 S.W.3d 356, 368-69 (Tex.
Crim. App. 2001); Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). Both simple
assault with bodily injury and deadly conduct were included within the State's proof in this cause. 
There was, however, no evidence that appellant, if guilty, was guilty only of one of these lesser
offenses.

To be entitled to an instruction on simple assault, it was necessary that there be some
evidence that would rationally warrant the jury in finding that appellant did not use his truck as a
deadly weapon. It is not enough that the jury might simply disbelieve crucial evidence; there must
be some evidence that the truck was not a deadly weapon in the manner of its use. See Solomon, 49
S.W.3d at 369. Appellant points to his testimony that his only intent had been to escape the police
and that he did not intend to harm the complainants, but we have already explained that appellant's
intent is not determinative of the deadly weapon issue. There is no evidence that would rationally
support a finding that appellant assaulted the complainants but did not use a deadly weapon in doing
so.

As to the lesser offense of deadly conduct, appellant argues that "the jury could have
believed that he recklessly placed the [complainants] in imminent danger of serious bodily injury
without deciding if he used the vehicle [as a deadly weapon]." See Tex. Pen. Code Ann. § 22 .05(a)
(West 1994). But such a finding would not be rational. Appellant could not have placed the
complainants in imminent danger of serious bodily injury without using his truck in a manner
capable of causing serious bodily injury, that is, as a deadly weapon. Given the undisputed evidence
that the complainants suffered bodily injuries, the jury could not have rationally found that appellant
was guilty only of deadly conduct. Point of error two is without merit.

The district court issued separate judgments of conviction for each count. The
judgments are affirmed.



 __________________________________________

 David Puryear, Justice

Before Chief Justice Aboussie, Justices Patterson and Puryear

Affirmed

Filed: October 24, 2002

Publish
1. Although it was stolen, we will refer to the truck appellant was driving as "his truck."