be, ought *ordinarily* to be sufficient under the circumstances to apprise the trial court of the nature of the complaint. *Zillender v. State*, 557 S.W.2d 515 (Tex. Crim. App. 1977); Tex. R. App. P. Rule 52(a).

*Id.* at 387 (emphasis added).

*Montgomery* was obviously referring to that part of *Zillender*, 557 S.W.2d at 517, where an objection may be sufficiently specific if the grounds are apparent from the context, particularly when extraneous offense evidence is being offered at the time. *See* Tex. R. App. P. 33.1(a)(1)(A). When a general relevancy objection is properly overruled, it is not the trial court's duty to notice and *sua sponte* exclude all later trial evidence that is not relevant. The objecting party must reurge his objections. *Cf. Fuller v. State*, 829 S.W.2d 191, 198-99 (Tex. Crim. App. 1992).

The Texas Court of Criminal Appeals has now made it clear that a general relevancy objection at trial does not preserve error concerning inadmissible extraneous offenses. *Medina v. State*, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999) (citing *Camacho v. State*, 864 S.W.2d 524, 533 (Tex. Crim. App. 1992)). Under the circumstances presented, as in *Camacho*, appellant's earlier general objection of "relevancy" did not preserve error as to the later admission of any extraneous offense evidence without further objection. The seventh and eighth points of error are overruled.

**Deadly Weapon**

In the ninth point of error, appellant questions the factual sufficiency of the evidence to support the jury's "finding that appellant used or exhibited a deadly weapon during the course of the offense [evading arrest]." The challenge is limited to the issue presented.

25

A review of the factual sufficiency of the evidence begins with the presumption that the evidence is legally sufficient to support the finding of the jury. *Clewis v. State*, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). In a challenge to the factual sufficiency of the evidence, we view the evidence without the prism of "in the light most favorable to the prosecution" as in a legal sufficiency challenge. *Id.* at 129. A reviewing court must consider all the evidence impartially comparing evidence that tends to prove the existence of a disputed fact or facts with evidence that tends to disprove that fact or those facts. *See Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). We reverse for factual insufficiency only where the proof supporting the finding, standing alone, is too weak to sustain the finding, or the proof, although adequate if taken alone, is greatly outweighed by contrary proof. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); *see also Sells v. State*, 121 S.W.3d 748, 754 (Tex. Crim. App. 2003). A factual sufficiency review must be appropriately deferential so as to avoid a reviewing court substituting its own judgment for that of the fact finder. *Westbrook v. State*, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000); *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996); *see also Sells*, 121 S.W.2d at 754. A decision is not manifestly unjust merely because the jury resolved conflicting views of the evidence in favor of the State. *See Cain v. State*, 958 S.W.2d 404, 410 (Tex. Crim. App. 1997).

Section 1.07(a)(17)(A), (B) defines "deadly weapon" as meaning:

> (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything in the manner of its use or intended use is capable of causing death or serious bodily injury.

Tex. Pen. Code Ann. § 1.07(a)(17)(A), (B) (West 2003).

26

In the instant case, the indictment alleged that a motor vehicle was used as deadly weapon "while in flight." In *Cates v. State*, 102 S.W.3d 735 (Tex. Crim. App. 2003), the court stated:

> The evidence must demonstrate that the deadly weapon was used or exhibited "during the transaction from which" the felony conviction is obtained. To sustain a deadly weapon finding, there must be evidence that others were actually endangered, not "merely a hypothetical potential for danger if others had been present." An automobile can be a deadly weapon if it is driven so as to endanger lives.

*Id*. at 738; *see also Mann v. State*, 58 S.W.3d 132 (Tex. Crim. App. 2001) (adopting as its own *Mann v. State*, 13 S.W.3d 89, 91-92 (Tex. App.—Austin 2000)).

In the instant case, Officers Guevara and Flippin gave immediate chase as appellant drove away in a Cadillac from the scene where he had been stopped. Appellant was seen running a red light at the intersection of Springdale and 51st Streets. A video tape showed that at least four oncoming motor vehicles swerved or pulled to the right to avoid the Cadillac.[13] There was police testimony that their patrol vehicles were traveling one hundred miles per hour during the chase. This was not, of course, direct evidence of the speed of the Cadillac at the time. It was, however, some circumstantial evidence that appellant in the Cadillac was traveling at a high rate of speed on public streets. The police were unable to catch appellant and terminated the chase. Appellant claimed that Emilio Rodriguez was driving the Cadillac at the time. Appellant revealed that about 4:30 o'clock the next morning Rodriguez called him and reported the chase. When appellant met with Rodriguez

---

[13] In his jury argument, appellant's counsel stated that he counted eleven cars on the tape, that some oncoming vehicles pulled to the right, and others did not. Counsel acknowledges that the evidence showed the Cadillac was speeding at the time.

shortly thereafter, Rodriguez stated that the Cadillac jumped the curb, went into the bushes, and came back onto the street; and that was what "messed up" the Cadillac. The jury rejected appellant's version that Rodriguez was the driver of the Cadillac.

There was evidence that others on the public streets were actually endangered by appellant's use of the Cadillac in evading arrest. While some of the other evidence might show a mere potential for danger if others were present, we reject appellant's factual sufficiency claim. The jury's affirmative finding of the use of a deadly weapon as alleged was not manifestly unjust or clearly wrong. The ninth point of error is overruled.

The judgment is affirmed.

_____

John F. Onion, Jr., Justice

Before Justices Kidd, B. A. Smith and Onion[*]

Affirmed

Filed: May 13, 2004

Publish

_____

[*]  Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).