NO. 07-09-0020-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 30, 2009
_____

JEREMY WADE PUE,

                                        Appellant

v.

THE STATE OF TEXAS,

                                        Appellee
_____

FROM THE 207TH DISTRICT COURT OF COMAL COUNTY;

NO. CR2008-214; HON. CHARLES RAMSAY, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jeremy Wade Pue appeals his conviction for evading arrest with a vehicle.  He contends that the evidence was legally and factually insufficient to support the jury's finding that he used a deadly weapon in the commission of the offense.  We affirm.

### Background

Appellant was observed speeding by a police officer.  The latter attempted to stop him and activated his lights and siren for that purpose.  In response, appellant sped up to

approximately 132 miles per hour, ran several stop lights, wove in and out of traffic, "passed other vehicles on the wrong side of the road," and "nearly sideswiped" another vehicle in attempt to evade the police. Cars were "having to pull over and get out of the way . . . ." Other officers joined in the pursuit which resulted in their placing spikes on the roadway. Though appellant ran over the spikes and suffered a punctured tire, he continued driving on a wheel rim. He was ultimately apprehended and charged with evading arrest while using or exhibiting a deadly weapon. A jury thereafter convicted him of that offense.

### *Analysis*

The well-established standards by which we review sufficiency complaints are discussed in *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), *Watson v. State,* 204 S.W.3d 404 (Tex. Crim. App. 2006), and their progeny. We need not address them here. Suffice it to say that their application at bar, according to appellant, would reveal that the jury improperly found that he used or exhibited a deadly weapon during his commission of the crime. We disagree.

The Texas Penal Code defines a "deadly weapon" as "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury . . . ." TEX. PEN. CODE ANN. §1.07(a)(17)(A) & (B) (Vernon Supp. 2008). Here, the deadly weapon appellant allegedly used or exhibited was a motor vehicle. Authority holds that such a mechanism can be a deadly weapon when its use or exhibition actually endangers life, *i.e.* when it does more than simply present a mere potential for endangering

2

others.  *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003), *citing Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.–Austin 2000), *aff'd,* 58 S.W.3d 132 (Tex. Crim. App. 2001). It was the latter requirement, according to appellant, which the State failed to prove.  That is, he posited that the evidence at bar did nothing more than show his driving to be a mere potential or hypothetical threat of endangerment.  Yet, that appellant engaged in a 25 mile and 12 minute effort to evade police, almost "sideswiped" another vehicle, wove in and out of traffic, ran stop signs, crossed into the "wrong lane" of traffic to pass vehicles, traveled at speeds approximating 132 mph on local roads, drove on a wheel rim once the tire was punctured, drove recklessly according to one officer, "nearly lost control [of his vehicle] a couple of times around curves or going into the other lane of traffic," passed three cars at the same time at one point, swerved to pass other motorists, and drove at high speeds around blind curves is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that his vehicle actually endangered others.  *See Drichas v. State*,175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (holding evidence of the vehicle driving on the wrong side of the highway as legally sufficient to support a deadly weapon finding); *see also Davis v. State,* No. 07-04-0104-CR, 2005 Tex. App. LEXIS 9745 (Tex. App.–Amarillo November 22, 2005, pet. ref'd) (not designated for publication) (holding that evidence of appellant's ignoring a stop sign and driving through an intersection without stopping, driving through a residential area at speeds up to 60 miles per hour, and continuously ignoring the patrol car's emergency lights was legally sufficient evidence to support the finding that he used his vehicle as a deadly weapon).  Moreover, so finding neither evinced manifest injustice nor undermined our confidence in the proceeding given the entire record.

3

Consequently, the deadly weapon finding enjoys the support of both legally and factually sufficient evidence.

Appellant's issues are overruled, and the judgment is affirmed.

Per Curiam

Do not publish.