IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00110-CR

 

Mark Allen Brown,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2007-1466-C2

 



MEMORANDUM  Opinion










 

            Mark Allen Brown appeals a jury
finding that his automobile was a deadly weapon.  Brown pled guilty to two
counts of intoxication manslaughter and two counts of intoxication assault.  Tex. Pen. Code Ann. §§ 49.07 &
49.08 (Vernon 2003).  He elected to have the jury assess punishment.  During
the jury trial on punishment, the State requested and received a special
instruction in the charge seeking a deadly weapon finding.  See Tex. Penal Code Ann. § 1.07(a)(17)(B) (Vernon Supp. 2009).  The jury answered the issue on the deadly weapon
in the affirmative.  Brown complains that the evidence was legally insufficient
to sustain the jury’s finding on the special issue regarding whether or not his
automobile was a deadly weapon.  Because we find no error, we affirm the
conviction.

The Facts

            At approximately 11:30 a.m., Brown was
driving his pregnant girlfriend to the hospital.  The weather was drizzly and
the roads were wet.  According to Brown and his girlfriend, he hydroplaned on
the road and lost control of his vehicle.  He struck another vehicle containing
two passengers, Bonnie and Jessie Franklin.  Bonnie was seriously injured, and
Jessie eventually died from his injuries.  Brown’s girlfriend was also
seriously injured and she lost her baby.

            There was evidence that Brown had left
the roadway approximately 760 feet from the point of impact and hit a mailbox. 
His truck ended up in multiple pieces along the road and into a field.  One
officer testified that he believed that alcohol, fatigue, and unsafe speed due
to the weather conditions and a curve in the road caused the accident.  Brown
had worked an overnight shift at a grocery store the night prior to the
accident.  Alcohol would intensify Brown’s fatigue.  An accident reconstruction
expert stated that in his twelve years of experience he had never seen a
vehicle break apart into pieces the same way Brown’s truck did.

            A blood sample was taken from Brown
shortly thereafter, which showed that his blood alcohol content was .09 grams
of alcohol per 100 milliliters of blood, which is over the legal limit of .08
grams.

Standard of Review

In reviewing the legal sufficiency of the evidence
to support a conviction, we view all the evidence in the light most favorable
to the prosecution in order to determine whether any rational trier of fact
could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61
L. Ed. 2d 560 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).  In this analysis, we “determine whether the necessary inferences
are reasonable based upon the combined and cumulative force of all the evidence
when viewed in the light most favorable to the verdict.”  Hooper v. State,
214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).  

Deadly Weapon

A "deadly weapon" is "anything that
in the manner of its use or intended use is capable of causing death or serious
bodily injury."  Tex. Penal Code
Ann. § 1.07(a)(17)(B) (Vernon 2003).  An automobile
can be a deadly weapon if it is used in a manner capable of causing death or
serious bodily injury to others.  Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); Tyra v. State, 897 S.W.2d 796, 798-99 (Tex. Crim. App.
1995).  Specific intent to use an automobile as a deadly weapon is not
required.  McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). 
To determine whether an automobile was used as a deadly weapon, we (1)
"evaluate the manner in which the defendant used the [automobile] during
the felony;" and (2) "consider whether, during the felony, the
automobile was capable of causing death or serious bodily injury."  Sierra
v. State, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009).

Brown does not raise the issue that the automobile
is capable of causing death or serious bodily injury.  Therefore, we will only
consider the manner in which Brown used his automobile in our analysis.  In
doing so, we examine whether Brown's driving was reckless or dangerous.  Id.  We consider several factors in examining whether a
defendant's driving was reckless or dangerous:  (1) intoxication, Tyra,
897 S.W.2d at 798-99; (2) speeding, Drichas v. State, 175 S.W.3d 795,
797 (Tex. Crim. App. 2005); (3) disregarding traffic signs and signals, id.;
and (4) driving erratically, id; Mann v. State, 13 S.W.3d 89,
91-92 (Tex. App.—Austin 2000), aff'd, 58 S.W.3d 132 (Tex. Crim. App.
2001).

The testimony of the officers regarding Brown
hitting a mailbox because he ran off of the road approximately 760 feet from
the collision, their opinions regarding the causes for the accident, including that
Brown was driving at an unsafe speed for the conditions, and the condition of
the vehicles after the collision make the jury’s determination that the
automobile driven by Brown was used in a reckless and dangerous manner and
therefore was a deadly weapon legally sufficient.  We overrule Brown’s sole
issue.

Conclusion  

We find that the evidence was legally sufficient
to support the finding that the automobile driven by Brown was a deadly
weapon.  We affirm the judgment of the trial court.

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed February 3, 2010

Do not publish

[CR25]