

**IN THE**
**TENTH COURT OF APPEALS**

────────────

**No. 10-09-00110-CR**

**MARK ALLEN BROWN,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

────────────

**From the 54th District Court**
**McLennan County, Texas**
**Trial Court No. 2007-1466-C2**

─────────────────────────────

**MEMORANDUM OPINION**

─────────────────────────────

Mark Allen Brown appeals a jury finding that his automobile was a deadly weapon. Brown pled guilty to two counts of intoxication manslaughter and two counts of intoxication assault. TEX. PEN. CODE ANN. §§ 49.07 & 49.08 (Vernon 2003). He elected to have the jury assess punishment. During the jury trial on punishment, the State requested and received a special instruction in the charge seeking a deadly weapon finding. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon Supp. 2009). The jury answered the issue on the deadly weapon in the affirmative. Brown complains that the evidence was legally insufficient to sustain the jury's finding on the special issue

regarding whether or not his automobile was a deadly weapon. Because we find no error, we affirm the conviction.

### The Facts

At approximately 11:30 a.m., Brown was driving his pregnant girlfriend to the hospital. The weather was drizzly and the roads were wet. According to Brown and his girlfriend, he hydroplaned on the road and lost control of his vehicle. He struck another vehicle containing two passengers, Bonnie and Jessie Franklin. Bonnie was seriously injured, and Jessie eventually died from his injuries. Brown's girlfriend was also seriously injured and she lost her baby.

There was evidence that Brown had left the roadway approximately 760 feet from the point of impact and hit a mailbox. His truck ended up in multiple pieces along the road and into a field. One officer testified that he believed that alcohol, fatigue, and unsafe speed due to the weather conditions and a curve in the road caused the accident. Brown had worked an overnight shift at a grocery store the night prior to the accident. Alcohol would intensify Brown's fatigue. An accident reconstruction expert stated that in his twelve years of experience he had never seen a vehicle break apart into pieces the same way Brown's truck did.

A blood sample was taken from Brown shortly thereafter, which showed that his blood alcohol content was .09 grams of alcohol per 100 milliliters of blood, which is over the legal limit of .08 grams.

### Standard of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to

determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). In this analysis, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007).

### *Deadly Weapon*

A "deadly weapon" is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 2003). An automobile can be a deadly weapon if it is used in a manner capable of causing death or serious bodily injury to others. *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003); *Tyra v. State*, 897 S.W.2d 796, 798-99 (Tex. Crim. App. 1995). Specific intent to use an automobile as a deadly weapon is not required. *McCain v. State*, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000). To determine whether an automobile was used as a deadly weapon, we (1) "evaluate the manner in which the defendant used the [automobile] during the felony;" and (2) "consider whether, during the felony, the automobile was capable of causing death or serious bodily injury." *Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009).

Brown does not raise the issue that the automobile is capable of causing death or serious bodily injury. Therefore, we will only consider the manner in which Brown used his automobile in our analysis. In doing so, we examine whether Brown's driving was reckless or dangerous. *Id*. We consider several factors in examining whether a

defendant's driving was reckless or dangerous: (1) intoxication, *Tyra*, 897 S.W.2d at 798-99; (2) speeding, *Drichas v. State*, 175 S.W.3d 795, 797 (Tex. Crim. App. 2005); (3) disregarding traffic signs and signals, *id.*; and (4) driving erratically, *id*; *Mann v. State*, 13 S.W.3d 89, 91-92 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001).

The testimony of the officers regarding Brown hitting a mailbox because he ran off of the road approximately 760 feet from the collision, their opinions regarding the causes for the accident, including that Brown was driving at an unsafe speed for the conditions, and the condition of the vehicles after the collision make the jury's determination that the automobile driven by Brown was used in a reckless and dangerous manner and therefore was a deadly weapon legally sufficient. We overrule Brown's sole issue.

*Conclusion*

We find that the evidence was legally sufficient to support the finding that the automobile driven by Brown was a deadly weapon. We affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed February 3, 2010
Do not publish
[CR25]