NO. 07-12-0206-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 13, 2013
_____

UNIQUE MCKINNEY,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 167TH DISTRICT COURT OF TRAVIS COUNTY;

NO. D-1-DC-12-904005; HON. MIKE LYNCH, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ

Unique McKinney (appellant) appeals her conviction for evading arrest. In effort to avoid arrest, she sped away in a car through city streets, crossed into oncoming traffic, drove in and out of traffic, ran red lights, and eventually struck another vehicle. The person operating the vehicle appellant struck was taken to the hospital. Her two issues concern the sufficiency of the evidence underlying the deadly weapon finding

and the trial court's decision to admit into evidence a recording of a phone conversation in which appellant allegedly engaged while in jail. We affirm.

*Issue One – Deadly Weapon Finding*

Appellant contends that the evidence was insufficient to establish that the vehicle she drove constituted a deadly weapon. We disagree.

The pertinent standard of review is described in *Brooks v. State,* 323 S.W.3d 893, 894-95 (Tex. Crim. App. 2010).

Next, a "deadly weapon" is "anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or . . . anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PEN. CODE ANN. § 1.07(a)(17)(A) & (B) (West Supp. 2012). A motor vehicle can be a deadly weapon when its use or exhibition actually endangers life, *i.e.* when it does more than simply present a mere potential for endangering others. *Cates v. State*, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003), *citing Mann v. State*, 13 S.W.3d 89, 92 (Tex. App.–Austin 2000), *aff'd,* 58 S.W.3d 132 (Tex. Crim. App. 2001); *Pue v. State*, No. 07-09-0020-CR, 2009 Tex. App. LEXIS 4962, at *2-3 (Tex. App.–Amarillo June 30, 2009, no pet.) (mem. op., not designated for publication). Here, appellant drove at speeds approaching 90 to 100 mph over three miles while swerving into oncoming traffic, weaving in and out of traffic, running stop lights, crossing into the "wrong lane" of traffic to pass vehicles, and ultimately striking another car while driving in the wrong traffic lane. This is some evidence upon which a rational jury could conclude, beyond reasonable doubt, that appellant's vehicle actually endangered others and thus, constituted a deadly weapon. *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim.

2

App. 2005) (holding evidence of the vehicle driving on the wrong side of the highway as legally sufficient to support a deadly weapon finding); *see also Davis v. State,* No. 07-04-0104-CR, 2005 Tex. App. LEXIS 9745 (Tex. App.–Amarillo November 22, 2005, pet. ref'd) (mem. op., not designated for publication) (holding that evidence of appellant's ignoring a stop sign and driving through an intersection without stopping, driving through a residential area at speeds up to 60 miles per hour, and continuously ignoring the patrol car's emergency lights was legally sufficient evidence to support the finding that he used his vehicle as a deadly weapon).

*Issue Two – Admission of Evidence*

Appellant next complains of the trial court's decision to admit a recorded jail statement. It allegedly was inadmissible due to the lack of authentication. We overrule the issue.

Assuming *arguendo* that the recording was inadmissible, we nevertheless conclude that the matter was harmless. The evidence supporting appellant's conviction for evading arrest was quite overwhelming. And, while effort was made to try and authenticate the recording via a witness, that effort was not time consuming. Nor did the prosecutor overly emphasize the recording during closing arguments; it was simply mentioned twice.[1] Given this, we cannot say that the decision to admit the evidence affected appellant's substantive rights. *See Motilla v. State*, 78 S.W.3d 352, 355-56 (Tex. Crim. App. 2002) (holding that Texas Rule of Appellate Procedure 44.2(b) provides that non-constitutional error is error "that does not affect substantial rights" of the complainant and that "the character of the alleged error and how it might be

---

[1]The comments made in the recorded phone call relied on by the prosecutor were "[h]e kept coming, so I hit his bitch ass, and then she was going to crank it back up, she says in the jail call, and leave."

considered in connection with other evidence in the case" are factors to consider in the harm analysis).

Accordingly, we affirm the judgment of the trial court.

Per Curiam

Do not publish.