OPINION HEADING PER CUR 







                     NO. 12-02-00277-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

DAVID ANDREW ANDERSON,                      §     APPEAL FROM THE 7TH
APPELLANT

V.                                                                         §     JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §     SMITH COUNTY, TEXAS





MEMORANDUM OPINION
            David Andrew Anderson (“Appellant”) appeals his conviction by a jury for evading arrest. 
The court assessed his punishment, enhanced by two prior felony convictions, at life imprisonment.
Appellant presents five issues on appeal. We affirm.

Background
            On February 10, 2002, Appellant was driving eastbound on Interstate 20 (“I-20"). Trooper
Adam Nelson (“Nelson”) of the Department of Public Safety (“DPS”) observed Appellant’s white
Camaro change lanes without signaling and cross the white line onto the improved shoulder of I-20.
Both of these acts are traffic violations. Nelson stopped Appellant and notified him he would be
issued a written warning for the violations. Nelson asked Appellant if he could search the Camaro,
and Appellant gave his permission.
            After Appellant’s passenger stepped out of the car on the passenger’s side of the vehicle,
Nelson observed a .40 caliber semi-automatic pistol (“pistol”) under the edge of the seat. Nelson
retrieved the pistol and took it to his patrol car to check it. While Nelson was doing this, Appellant
got back in his Camaro and sped eastward down I-20, leaving his passenger behind and the passenger
door wide open.
            Nelson took off in his DPS car in an attempt to catch Appellant. He reached speeds of 125-130 miles per hour during this attempt, but was unable to catch up with Appellant. Nelson radioed
ahead to Trooper Wayne Hellen (“Hellen”) who was working a portion of I-20 farther to the east in
Smith County. Hellen immediately got in his car and joined in pursuit of Anderson, who went by
him going over 100 miles per hour. Appellant’s Camaro finally stopped when one of its tires came
apart at the exit ramp of I-20 and U.S. Highway 271, approximately 13 miles from where Appellant
had fled the traffic stop.
            Appellant was charged by indictment with evading arrest while using a vehicle, which is a
state jail felony. See Tex. Pen. Code Ann. § 38.04(b)(1) (Vernon 2003). Using or exhibiting a
deadly weapon during the commission of a state jail felony enhances the punishment to a third-degree felony. See Tex. Pen. Code Ann. § 12.35(c)(1) (Vernon 2003). Proof of two previous
felony convictions enhances the punishment to a first-degree felony, which can be punished by life
imprisonment, or for any term of not more than 99 years or less than 25 years. See Tex. Pen. Code
Ann. § 12.42(d) (Vernon 2003). A jury trial was conducted on August 7, 2002, and the jury found
Appellant guilty of evading arrest. The jury also found that Appellant used or exhibited a deadly
weapon, an automobile, while evading arrest. The court later assessed punishment at life
imprisonment. Appellant timely filed this appeal.

Evidentiary Sufficiency
            In his first and second issues, Appellant contends the evidence is insufficient to show that
he committed the offense of evading arrest and used a deadly weapon in the commission of the
alleged offense of evading arrest. The State disagrees and contends that all of the evidence on these
two issues was uncontroverted. We will consider these two issues together. 
Standard of Review
            “Legal sufficiency is the constitutional minimum required by the Due Process Clause of the
Fourteenth Amendment to sustain a criminal conviction.” Escobedo v. State, 6 S.W.3d 1, 6 (Tex.
App.–San Antonio 1999, no pet.) (citing Jackson v. Virginia, 443 U.S. 307, 315-16, 99 S. Ct. 2781,
2786-788, 61 L. Ed. 2d 560 (1979)). The standard of review is whether any rational trier of fact
could have found the essential elements of the offense beyond a reasonable doubt. Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; LaCour v. State, 8 S.W.3d 670, 671 (Tex. Crim. App. 2000). The
evidence is viewed in the light most favorable to the verdict. Jackson, 443 U.S. at 319, 99 S. Ct.
at 2789; LaCour, 8 S.W.3d at 671. The conviction will be sustained “unless it is found to be
irrational or unsupported by more than a ‘mere modicum’ of the evidence.” Moreno v. State, 755
S.W.2d 866, 867 (Tex. Crim. App. 1988). The jury is the sole judge of the credibility of witnesses
and of the weight to be given their testimony. Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim.
App. 1994). 
            If the reviewing court determines that the evidence is legally sufficient to support the verdict,
the court then proceeds with a review of the factual sufficiency of the evidence. Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). In reviewing the factual sufficiency of the evidence, a
court examines all the evidence “without the prism of ‘in the light most favorable to the prosecution’
and sets aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to
be clearly wrong and unjust.” Id. at 134. The court determines whether a neutral review of all the
evidence, both for and against the verdict, establishes that the proof of guilt is so manifestly weak
as to undermine faith in the jury’s resolution, or the proof of guilt, although sufficient if taken alone,
is greatly offset by conflicting proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).
            The reviewing court should exercise proper deference toward the factfinder’s conclusions,
and should avoid substituting its judgment for that of the fact finder absent facts which establish that
the verdict is wrong or manifestly unjust, or against the great weight and preponderance of the
available evidence. Id. at 7. Any examination of the evidence should not substantially infringe upon
the fact finder’s role as the exclusive judge of the weight and credibility given to witness testimony. 
Id.; Clewis, 922 S.W.2d at 133. A wrong or unjust verdict is a verdict that is “manifestly unjust,”
“shocks the conscience,” or “clearly demonstrates bias.” Santellan v. State, 939 S.W.2d 155, 165
(Tex. Crim. App. 1997). The reviewing court examines all of the evidence in the record pertaining
to the factual sufficiency challenge, not just evidence confirming the verdict. Id. at 164. 
            In a criminal conviction, sufficiency of the evidence is determined by the elements of the
crime as defined by the hypothetically correct jury charge. Malik v. State, 953 S.W.2d 234, 240
(Tex. Crim. App. 1997). The correct charge “would be one that accurately sets out the law, is
authorized by the indictment, does not unnecessarily increase the State’s burden of proof or
unnecessarily restrict the State’s theories of liability, and adequately describes the particular offense
for which the defendant was tried.” Id.
Elements of the offense
            In this case, Appellant was convicted of evading arrest or detention and using a vehicle in
his flight. A person commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him. Tex. Pen. Code Ann. § 38.04(a) (Vernon Supp.
2003). The offense is a third-degree felony when the actor uses a vehicle in his flight from the peace
officer. Tex. Pen. Code Ann § 38.04(b)(2)(A) (Vernon Supp. 2003). A vehicle is used as a deadly
weapon when it is driven in a fashion during the commission of a felony that can cause serious
bodily harm or death to others. See Mann v. State, 13 S.W.3d 89, 92 (Tex. App.–Austin 2000),
aff’d, Mann v. State, 58 S.W.3d 132 (Tex. Crim. App. 2001). 
Analysis
            Nelson testified that Appellant responded to his signal that he pull over on the side of I-20
after having committed two traffic offenses. Appellant handed Nelson his driver’s license and was
informed that he would be receiving a warning citation. Nelson further testified that Appellant gave
consent for Nelson to search his vehicle. It was during this consent search that Nelson found the
pistol. The video tape introduced into evidence at trial showed that after Nelson returned to his
patrol car to check the pistol, Appellant rushed to the driver’s side of the Camaro, got into the
vehicle, and headed off eastbound on I-20. As Appellant fled the scene, his passenger was left
behind and the passenger-side door was open.
            Hellen testified that Appellant went by him going over 100 miles per hour. He also testified
that Appellant went off the side of the road in order to pass two vehicles driving side-by-side in the
two eastbound lanes of I-20. Both Nelson and Hellen testified that the manner in which Appellant
drove the Camaro showed that he was actively attempting to evade the pursuing officers. Hellen also
testified that Appellant’s driving endangered the safety and lives of the other drivers and their
passengers that Appellant passed on I-20 during this chase. All of this evidence was uncontroverted
at trial. Therefore, we hold that the evidence was legally and factually sufficient evidence to support
the jury’s finding that Appellant committed the offense of evading arrest or detention while using
a vehicle as a deadly weapon. Appellant’s issues one and two are overruled. 
 

 
Notice of Deadly Weapon Enhancement
            In his third issue, Appellant contends that the State did not give him sufficient legal notice
that it would be using his alleged use of a deadly weapon to enhance his punishment. The State
responds that its notice of intent had been sent to Appellant’s attorney on August 5, 2002, the day
before jury selection began. 
            A criminal defendant is entitled to notice of prior convictions to be used for enhancement. 
Brooks v. State, 957 S.W.2d 30, 33 (Tex. Crim. App. 1997). Alleging an enhancement in the
indictment is not the only reasonable method of conveying such notice. Id. It is proper for such a
notice of intent to seek enhanced punishment based on a prior conviction to be filed with the court
and served on the defendant prior to trial. See id. The record before us shows that the State’s notice
in this case was proper. Appellant’s issue three is overruled.

Jury Issues on Use of Vehicle
            In his fourth issue, Appellant contends that the trial court erred because once it found that
Appellant used a vehicle to evade arrest, the State could not allege the use of that vehicle as a deadly
weapon in order to enhance punishment. The State responds that this argument was not made by
Appellant when the jury charge was being prepared. We have reviewed the record of the charge
conference and determined that the State is correct. To preserve an issue for appeal, Appellant must
have made an objection contemporaneous to the action or inaction of the trial court. Cover v. State,
913 S.W.2d 611, 616 (Tex. App.–Tyler 1995, pet. ref’d). He failed to do so. Therefore, the issue
is waived. See Tex. R. App. P. 33.1. Appellant’s issue four is overruled.
Disproportionality of Punishment 
            In his fifth issue, Appellant contends that a life sentence under the circumstances of this case
is disproportionate to the gravity of his offense. The State contends that because of Appellant’s six
prior felony convictions, the sentence is proportional. 
            The legislature is vested with the power to define crimes and prescribe penalties. See Davis
v. State, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref’d); see also Simmons v. State,
944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref’d). Courts have repeatedly held that punishment
which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. See
Harris v. State, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); Jordan v. State, 495 S.W.2d 949, 952
(Tex. Crim. App. 1973); Davis, 905 S.W.2d at 664. In the case at hand, Appellant was found guilty
of the felony of evading arrest while using a vehicle and then using a deadly weapon, an automobile,
in the commission of the evading arrest felony. Evading arrest while using a vehicle is a third-degree
felony. Tex. Pen. Code. Ann. § 38.04(b)(2)(A). If it is shown on the trial of a felony offense that
the defendant has been previously convicted of two felony offenses and that the second occurred
after the first previous conviction had become final, then the defendant can be punished by
imprisonment for life, or for any term of not more than 99 years or less than 25 years. Tex. Pen.
Code Ann. § 12.42(d) (Vernon 2003). Here, the punishment assessed by the trial court, life
imprisonment, was within the range set forth by the legislature. Id. Therefore, the punishment is
not prohibited as cruel, unusual, or excessive per se.
            Nonetheless, Appellant directs the court to the three-part test originally set forth in Solem
v. Helm, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). Under this test, the proportionality
of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the
penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences
imposed for commission of the same crime in other jurisdictions. Solem, 463 U.S. at 292, 103 S.
Ct. at 3011.


 The application of the Solem test has been modified by Texas courts and the Fifth
Circuit Court of Appeals, in light of the Supreme Court’s decision in Harmelin, to require a
threshold determination that the sentence is grossly disproportionate to the crime before addressing
the remaining elements. See, e.g., McGruder, 954 F.2d at 316; see also Jackson v. State, 989
S.W.2d 842, 845-46 (Tex. App.–Texarkana 1999, no pet.).
            In determining whether Appellant’s sentence is grossly disproportionate, we are guided by
the holding in Rummel v. Estell, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980).


 In
Rummel, the Supreme Court addressed the proportionality claim of an appellant who had received
a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction
for obtaining $120.75 by false pretenses. Id., 445 U.S. at 266, 100 S. Ct. at 1135. The life sentence
was imposed because the appellant also had two prior felony convictions - one for fraudulent use of
a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in
the amount of $28.36. Id., 445 U.S. at 266, 100 S. Ct. at 1134-35. After both recognizing the
legislative prerogative to classify offenses as felonies and considering the purpose of the habitual
offender statute, the court determined that the appellant’s mandatory life sentence did not constitute
cruel and unusual punishment. Id., 445 U.S. at 285, 100 S. Ct. at 1145. 
            In the case at hand, Appellant committed the offense of evading arrest and used an
automobile as a deadly weapon during the commission of the offense. This endangered the safety
and lives of others and was much more serious than the offenses committed by the Appellant in
Rummel. It follows that if the life sentence in Rummel was not unconstitutionally disproportionate,
then neither is the life sentence assessed against Appellant. Because we do not find the threshold
test to be satisfied, we need not apply the remaining elements of Solem test. Appellant’s issue five
is overruled.
Conclusion
            Having overruled Appellant’s five issues, we affirm the trial court’s judgment. 
                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice
Opinion delivered June 2, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.




(DO NOT PUBLISH)