02-10-025-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00025-CR

 

 


 
 
 Anthony Lee Hardeman
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 89th
District Court OF Wichita COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I.  Introduction

Appellant
Anthony Lee Hardeman appeals his sentence of sixty years’ incarceration
stemming from a jury’s verdict finding him guilty of murder.  Asking this court
to remand for a new punishment phase of trial and citing violations of due
process, in one point Hardeman asserts that the State committed multiple Brady
violations; that the prosecutor committed prosecutorial misconduct; and that
the trial court erred by excluding testimony.  We will affirm.

II.  Background

This
appeal involves only the punishment phase of Hardeman’s trial.  After a jury
returned a verdict of guilty for murder, Hardeman’s trial proceeded to the
punishment phase.  At the punishment hearing and before a jury, the State
introduced testimony from David Yonts, a detention officer for the Wichita
County Jail, where Hardeman was held after he was arrested for the charges
underlying this case.  Yonts testified about an alleged fight between Hardeman
and a fellow inmate and events that resulted in Hardeman having kicked Yonts in
the head as Yonts attempted to break up the fight.  During this line of
questioning, defense counsel objected and asked that the trial court conduct a
bench hearing outside the presence of the jury to determine whether the State
could prove beyond a reasonable doubt that Hardeman had in fact assaulted
Yonts.  After a brief bench conference, defense counsel stated, “Judge, that’s
fine.  We can bring the Jury back in.”

The
State also introduced the testimony of Andrew Tucker, another detention officer
for the Wichita County Jail.  Tucker testified to the contents of a videotape
that allegedly showed the fight between Hardeman and his fellow inmate.  As
Tucker testified, defense counsel objected:

Judge, I’d object to
this witness testifying about what’s on a video that he -- that he didn’t
personally see them, so he can’t say that the video accurately recorded them. 
Secondly, the video is gone, it’s the best evidence and what he’s trying to say
is something -- Judge, without the video, it also violates our 6th Amendment
right to confront and cross-examine this witness, so I would object on all of
those grounds to him testifying about what he saw on the video.

 

The
trial court overruled the objection, and Tucker testified to what he remembered
seeing on the video.

          Hardeman
also testified at the punishment hearing.  During cross-examination, the State
asked him questions about his involvement in an Oklahoma drive-by shooting that
occurred when he was a juvenile.  During the State’s cross-examination, the
trial court called for a recess until the next day.  When the State began to
cross-examine Hardeman again, the State once more asked Hardeman about the drive-by
shooting.  The State then tried to impeach Hardeman using a police report related
to the Oklahoma drive-by shooting.  Defense counsel objected that he had not
been given a copy of the police report before trial.  The trial court sustained
the objection and instructed the jury to disregard “the last line of
questioning.”  The jury sentenced Hardeman to sixty years’ incarceration.  This
appeal followed.

III.  Discussion

A.      Alleged
Brady Violations

In
part of his sole point, Hardeman alleges that his due process rights were
violated because the State committed Brady violations whenever it
introduced evidence at the punishment phase regarding Hardeman having allegedly
fought with a fellow inmate and having allegedly assaulted a detention officer. 
Brady v. Maryland, 373 U.S. 83, 83 S. Ct. 1194 (1963).  Hardeman
further argues that the State committed a Brady violation when it
allegedly did not disclose prior to the punishment phase that the videotape of
the alleged fight had been deleted.[2] 
We will assume without deciding that these alleged failures constitute Brady
violations.  We conclude, however, that Hardeman has failed to preserve these
complaints for our review.

The
State has an affirmative duty under the due process clause to disclose
exculpatory or impeachment evidence that is material to guilt or punishment.  See
generally United States v. Bagley, 473 U.S. 667, 676, 105 S. Ct. 3375,
3379 (1985); see also Brady, 373 U.S. at 87, 83 S. Ct. at 1196–97; Thomas
v. State, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992).  Favorable evidence
is “material” if there is a reasonable probability (i.e., a probability
sufficient to undermine confidence in the outcome) that had the evidence been
disclosed to the defense, the result of the proceeding would have been
different.  Thomas, 841 S.W.2d at 404.  When the evidence is disclosed
during trial, however, the materiality question turns on whether the defendant
was prejudiced by the delayed disclosure.  Williams v. State, 995 S.W.2d
754, 761–62 (Tex. App.—San Antonio 1999, no pet.).  Furthermore, when previously withheld
evidence is disclosed at trial, the defendant has an opportunity to request a
continuance.  Id.  As a general rule, the failure to request a
continuance waives any Brady violation.  Gutierrez v. State, 85
S.W.3d 446, 452 (Tex. App—Austin 2002, pet. ref’d); Williams, 995 S.W.2d
at 761–62.

In the instant case,
Hardeman failed to request a continuance at any time after the State introduced
testimony regarding the alleged fight between Hardeman and a fellow inmate or
when the State put on evidence regarding the alleged assault on the detention
officer.  Furthermore, Hardeman did not request a continuance whenever the
State introduced testimony regarding the contents of the videotape.  Therefore,
assuming arguendo that the State failed to disclose evidence in
violation of Brady, Hardeman waived any potential Brady violation
by failing to request a continuance.  See State v. Fury, 186 S.W.3d
67, 73–4 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (holding that
defendant’s failure to request a continuance indicates that tardy disclosure of
withheld evidence was not prejudicial for purposes of claim of Brady
violation.)  We overrule this portion of Hardeman’s sole point.

B.      Threshold
Determination of Extraneous Offenses

In part
of his sole point, Hardeman argues that the trial court erred by failing to
conduct a preliminary hearing to determine whether the State could prove beyond
a reasonable doubt the extraneous offenses that he engaged in a fight with a
fellow inmate and that he assaulted a detention officer.

          We
review a trial court’s decision to admit an extraneous offense during the
punishment phase under the abuse of discretion standard.  Mitchell v. State,
931 S.W.2d 950, 953 (Tex. Crim. App. 1996).  During the punishment phase, the
State may offer evidence as to any matter the court deems relevant to
sentencing, including evidence of an extraneous crime or bad act that is shown
beyond a reasonable doubt to have been committed by the defendant or for which
he could be held criminally responsible.  Tex. Code Crim. Proc. Ann. art.
37.07, § 3(a)(1) (Vernon Supp. 2010).  When presented with an appropriate
objection, the trial court has the responsibility to determine the threshold
issue of whether an extraneous offense is relevant.  See Mitchell, 931
S.W.2d at 953–54; Mann v. State, 13 S.W.3d 89, 94 (Tex. App.—Austin
2000), aff’d, 58 S.W.3d 132 (Tex. Crim. App. 2001).  Then the jury, as
the exclusive judge of the facts, is to determine whether or not the State has
proved the extraneous offenses beyond a reasonable doubt, and they should be so
instructed when requested.  Mitchell, 931 S.W.2d at 954.

The
trial court satisfies its responsibility by making an initial determination
that a jury could reasonably find beyond a reasonable doubt that the defendant
committed the extraneous offense.  Mann, 13 S.W.3d at 94; see
Mitchell, 931 S.W.2d at 954.  This threshold determination is not a finding
by the court that the State has proved an extraneous bad act beyond a
reasonable doubt, but it is instead a finding that sufficient evidence exists
from which a jury could reasonably so find.  See Mann, 13 S.W.3d at 94.

Hardeman
did not object to the State’s introduction of evidence concerning the alleged
fight with his fellow inmate.  Thus, he failed to inform the trial court that
he desired the trial court to determine the threshold issue of relevancy to
this alleged offense and failed to preserve for appeal any alleged error.  See
Mitchell, 931 S.W.2d at 953–54.  But Hardeman did request a bench
conference regarding the admissibility of evidence concerning his alleged
assault on the detention officer.  Significant to this preserved issue and
counter to Hardeman’s assertion, there is no requirement that the initial
determination be made by the court following a hearing as opposed to some other
form of preliminary review.  Mann, 13 S.W.3d at 94.  The trial court may
determine through an oral or written proffer of evidence, motions, pretrial
hearings, and the trial, including any bench conferences, whether there is
sufficient evidence.  See Mann, 13 S.W.3d at 93–95 (holding that the
prosecutor’s statement that he intended to offer extraneous offense evidence
through defendant’s ex-wife, who would testify as to some physical abuse by
defendant, was sufficient for purposes of making a threshold determination of
relevance); Welch v. State, 993 S.W.2d 690, 697 (Tex. App—San Antonio 1999,
no pet.) (holding that the State’s written proffer of how it would prove the
defendant sexually assaulted four other victims was sufficient for purposes of
trial court’s threshold determination of relevance).

Here,
the prosecutor’s oral statement to the trial judge, outside the presence of the
jury, that he intended to prove the assault through testimony by the detention
officer was sufficient for the trial court to make an initial determination of
relevance.  See Mann, 13 S.W.3d at 93–95.  Accordingly, Hardeman’s
complaints concerning the trial court’s not having held a hearing regarding the
extraneous offenses are without merit.  We overrule this portion of Hardeman’s
sole point.

C.      Exclusion
of Portions of Hardeman’s Testimony

In
part of his sole point, Hardeman next asserts that the trial court erred by
excluding his own testimony whereby Hardeman attempted to state what the victim
had told him throughout the events leading up to the murder.  We disagree.

We
review a trial court’s decision to exclude evidence under an abuse of
discretion standard, and we must therefore affirm the trial court’s decision
unless it is beyond the “zone of reasonable disagreement.”  Green v. State,
934 S.W.2d 92, 101–02 (Tex. Crim. App. 1996), cert. denied, 520 U.S.
1200, 117 S. Ct. 1561 (1997).

To
preserve error in a trial court’s exclusion of evidence, the substance of the
excluded evidence must be shown by an offer of proof unless it is apparent from
the context of the questions asked.  Tex. R. Evid. 103(a)(2); Tex. R. App. P.
33.2; Chambers v. State, 866 S.W.2d 9, 27 (Tex. Crim. App. 1993), cert.
denied, 511 U.S. 1100, 114 S. Ct. 1871 (1994); Fairow v. State,
943 S.W.2d 895, 897 n.2 (Tex. Crim. App. 1997).  The purpose of the offer of
proof is to show what the witness’s testimony would have been—otherwise, there
is nothing before the appellate
court to show
reversible error in the trial court’s ruling.  Stewart v. State, 686
S.W.2d 118, 122 (Tex. Crim. App. 1984), cert. denied, 474 U.S. 866, 106
S. Ct. 190 (1985); see Guidry v. State, 9 S.W.3d 133, 153 (Tex.
Crim. App. 1999), cert. denied, 531 U.S. 837, 121 S Ct. 98 (2000). 
Error may be preserved by an offer of proof in question-and-answer form or in
the form of a concise statement by counsel.  Tex. R. Evid. 103(b); Love v.
State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  Counsel’s concise
statement must include a summary of the proposed testimony.  Love, 861
S.W.2d at 901.  Error is not preserved if the offer of proof is inadequate.  Warner
v. State, 969 S.W.2d 1, 2 (Tex. Crim. App. 1998).

At
the punishment phase of trial, a lengthy exchange took place between defense
counsel and Hardeman regarding Hardeman’s relationship with the victim.  During
this exchange, the State, citing hearsay, objected to several portions of
Hardeman’s testimony.  Defense counsel contended that the statements were
important to show Hardeman’s state of mind at the time of the murder.  Each
time the trial court sustained the State’s hearsay objection.  But Hardeman
never submitted a formal offer of proof indicating what Hardeman intended to
testify to.  Because nothing in the record indicates the contents of Hardeman’s
intended testimony, the substance of the excluded testimony cannot be
determined.  Therefore, Hardeman failed to preserve error.  See Stewart,
686 S.W.2d at 122.  We therefore overrule this portion of Hardeman’s sole
point.

D.      State’s Use of Allegedly Undisclosed
Police Report

In the remainder of his sole point, Hardeman
argues that the “State engaged in prosecutorial misconduct by violating its
open file policy, by failing to disclose that they had obtained a copy of an
Oklahoma police report in the middle of the trial[,] and by using a document
for cross-examination that it could have obtained and disclosed to the defense
well prior to trial.”  Hardeman’s complaint is based upon the State’s attempt
to impeach Hardeman’s own testimony regarding his alleged involvement in a
drive-by shooting that occurred in Oklahoma a few years prior to trial.  After
the State attempted to question Hardeman about the contents of the Oklahoma
police report, Hardeman objected, the trial court sustained the objection, and
the trial court instructed the jury:  “The Jury is instructed to disregard the
last line of questioning.  It will be about the last six or seven questions, I
believe.”  Hardeman then moved for a mistrial, and the trial court denied his
motion.

The
State counters, among other arguments, that the trial court sustained
Hardeman’s objection to the introduction of the police report and any
questioning regarding it, and that the trial court instructed the jury to
disregard the line of questioning pertaining to the drive-by.  Thus, the State
argues that we as a reviewing court are to presume that the jury followed the
trial court’s instruction and that the trial court did not abuse its discretion
by denying Hardeman’s motion for mistrial.

We review the trial court’s denial of a
motion for mistrial under an abuse of discretion standard.  Russeau v. State,
171 S.W.3d 871, 885 (Tex. Crim. App. 2005), cert. denied, 548 U.S. 926,
126 S. Ct. 2982 (2006); Ladd v. State, 3 S.W.3d 547, 567 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1070, 120 S. Ct. 1680
(2000).  The determination of whether a given error necessitates a mistrial
must be made by examining the particular facts of the case.  Ladd, 3
S.W.3d at 567; Hernandez v. State, 805 S.W.2d 409, 414 (Tex. Crim. App.
1990), cert. denied, 500 U.S. 960, 111 S. Ct. 2275 (1991).

A
motion for mistrial will be granted only in “extreme circumstances, where the
prejudice is incurable.”  Hawkins v. State, 135 S.W.3d 72, 77 (Tex. Crim.
App. 2004); see Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).
 Generally, a prompt instruction to disregard will cure error associated with
an improper question and answer.  Ovalle v. State, 13 S.W.3d 774, 783
(Tex. Crim. App. 2000).  Further, we are to presume the jury will follow the
court’s instructions.  Colburn v. State, 966 S.W.2d
511, 520 (Tex. Crim. App. 1998).  In considering whether an instruction is
sufficient to cure error, courts consider whether the reference was direct or
implied, intentional or inadvertent, detailed or vague, and whether the topic
was pursued once the instruction was given.  Kipp v. State, 876 S.W.2d
330, 339 (Tex. Crim. App. 1994); Waldo v. State, 746 S.W.2d 750, 752
(Tex. Crim. App. 1988).

In this case, the
trial court promptly instructed the jury to disregard the complained-of line of
questioning, and we presume that the jury followed that instruction.  See Colburn, 966 S.W.2d at 520.  After the trial court
instructed the jury to disregard the line of questioning, the State did not
refer to it again, did not attempt to highlight this testimony, and did not
make any use of it at all.  We conclude that the trial court’s instruction to
the jury cured any potential error.  Thus, we overrule this remaining portion
of Hardeman’s sole issue.

IV.  Conclusion

          Having
overruled Hardeman’s sole point in its entirety, we affirm the trial court’s
judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL:  GARDNER, WALKER, and MEIER, JJ.

 

WALKER, J. concurs without opinion.

 

DO NOT PUBLISH

Tex. R. App.
P. 47.2(b)

 

DELIVERED: 
May 19, 2011









[1]See Tex. R. App. P. 47.4.





[2]At the punishment phase of
trial, Hardeman objected to Tucker testifying to the contents of the video by
raising confrontation and best evidence rule complaints.  On appeal, although
citing these objections in his brief, Hardeman does not argue these same issues
nor does he cite to any authority pertaining to the confrontation clause or the
best evidence rule.  Hardeman’s complaint on appeal is that the State not
disclosing to him the unavailability of the video was a Brady
violation:  “Again the State did not comply with its [Brady] obligation
and notify [Hardeman] that it did not have the videotape.”