**Opinion issued October 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00902-CR

————————————

**KENNETH ALLEN ROSS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 230th District Court**
**Harris County, Texas**
**Trial Court Case No. 1399343**

## MEMORANDUM OPINION

Appellant Kenneth Allen Ross was indicted for the first-degree felony

offense of aggravated robbery,[1] and the indictment alleged an enhancement

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03 (West 2011).

paragraph for theft by receiving stolen property.[2] The jury convicted appellant of aggravated robbery and, after finding the enhancement paragraph to be "true," assessed appellant's punishment at forty years' confinement and a $5,000 fine. In his sole point of error, appellant contends that the trial court abused its discretion in admitting evidence of an extraneous offense during the punishment phase of trial. We modify the trial court's judgment to reflect the jury's finding that the enhancement paragraph was "true," and we affirm the trial court's judgment as modified.

## Background

On August 26, 2013, appellant entered a Family Dollar Store located on Bellaire Boulevard shortly before closing, forced an employee and the assistant manager into the bathroom at gunpoint, and ordered the manager to give him the money from the cash register. The employee, Jaymil Johnson, called 911, and appellant fled out the back door.

Houston Police Department Officer James Swank arrived at the scene and saw appellant running out of the back of the store. When Officer Swank shone his flashlight in appellant's direction, appellant dropped a plastic Family Dollar bag containing cash and rolls of coins and sat down on the ground. Officer Swank discovered a gun and a black cap lying next to the bag. Johnson identified

[2] The record reflects that the State abandoned a second enhancement paragraph for robbery.

2

appellant as the man who had just robbed the store and later identified appellant in court. The store manager and assistant manager also identified appellant in separate photo arrays two days after the robbery.

At the conclusion of the guilt/innocence phase of the trial, the jury convicted appellant of aggravated robbery. During the punishment phase of the trial, the State presented evidence of two unadjudicated extraneous offenses as well as evidence of appellant's prior convictions from 1988 to the present, including convictions for criminal trespass, theft by receiving stolen property, conspiracy, theft, robbery, and aggravated assault.

## 1. First Extraneous Offense

Kierra Pipkin and Shondria Laymond testified that on June 21, 2013, two armed men robbed the Family Dollar store on South Post Oak Boulevard where they were working. Two months after the robbery, police showed photo arrays to Pipkin and Laymond. Pipkin was unable to identify either perpetrator. Laymond testified that she did not identify anyone in the array at the time because she was not 100% sure but she stated at trial that she was 70% sure then and at the time of trial that one of the men who had robbed the store was in the number three spot in the array. Appellant was the man in the number three spot.

Following this testimony, defense counsel argued that the State's evidence was insufficient to show beyond a reasonable doubt that appellant committed the

3

June 21 robbery and, therefore, the jury should be instructed to disregard it. The trial court initially indicated its intent to give the requested instruction; however, following a break, the trial court denied the motion but orally instructed the jury that it could only consider the extraneous offense if the evidence proved beyond a reasonable doubt that appellant committed the offense.

## 2. Second Extraneous Offense

Crespin Guerrero, an assistant manager of a Dollar Tree store in Webster, Texas, testified that on June 3, 2013, two armed men robbed the store shortly after closing time. Nearly three months after the robbery, police showed a photo array to Guerrero from which Guerrero identified appellant as one of the men who had robbed the store. Guerrero also identified appellant in court as one of the perpetrators.

At the conclusion of the punishment phase, the jury found the enhancement paragraph in the indictment true and assessed appellant's punishment at forty years' confinement and a $5,000 fine.[3]

## Discussion

In his sole point of error, appellant contends that the trial court abused its discretion in admitting evidence that he was involved in the June 21, 2013 robbery

---

[3] *See* TEX. PENAL CODE ANN. § 12.32 (West 2011) (stating range of punishment for first-degree felony offense as five to ninety-nine years' confinement and up to $10,000 fine).

4

because neither witness to the robbery identified him as one of the perpetrators. He further argues that admission of this evidence harmed him because it resulted in an increased sentence.

**A. Admission of Extraneous Offense**

Article 37.07 of the Texas Code of Criminal Procedure establishes the admissibility of evidence during the punishment phase of trial. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 (West Supp. 2014); *Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Subsection 3 of Article 37.07 provides that the State may offer "evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act." TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a)(1). During the punishment phase, evidence of an extraneous offense is offered to assist the trial court or the jury in determining punishment. *Mitchell v. State*, 931 S.W.2d 950, 954 (Tex. Crim. App. 1996) (en banc).

Whether an extraneous offense or bad act was established beyond a reasonable doubt is a question of fact for the trier of fact, not a preliminary question of admissibility for the trial court. *See Mitchell*, 931 S.W.2d at 954. The trial court satisfies its responsibility by making an initial determination that a jury

5

could reasonably find beyond a reasonable doubt that the defendant committed the extraneous offense. *Mann v. State*, 13 S.W.3d 89, 94 (Tex. App.—Austin 2000), *aff'd*, 58 S.W.3d 132 (Tex. Crim. App. 2001); *see Mitchell*, 931 S.W.2d at 954. This threshold determination is not a finding by the court that the State has proved an extraneous bad act beyond a reasonable doubt, but is instead a finding that sufficient evidence exists from which a jury could reasonably so find. *See Arzaga v. State*, 86 S.W.3d 767, 781 (Tex. App.—El Paso 2002, no pet.); *Mann*, 13 S.W.3d at 94. We review a trial court's decision to admit an extraneous offense during the punishment phase under the abuse of discretion standard. *Mitchell*, 931 S.W.2d at 953. The reviewing court may reverse the trial court's decision only if the ruling is outside the zone of reasonable disagreement. *Agbogwe v. State*, 414 S.W.3d 820, 830–31 (Tex. App.—Houston [1st Dist.] 2013, no pet.).

Appellant contends that the trial court abused its discretion in its initial determination that the jury could have found beyond a reasonable doubt that appellant committed the first extraneous offense, the June 21, 2013 robbery, because neither Pipkin nor Laymond positively identified appellant as one of the men who robbed the store. At trial, Laymond testified that she did not identify appellant as one of the robbers at the time because "I wasn't 100% sure." Appellant also points out that neither witness identified appellant in court. Although Laymond's tentative identification of appellant as one of the robbers was

6

likely sufficient, we nevertheless conclude that the trial court's error, if any, in admitting evidence of the June 21, 2013 robbery was harmless.

## B. Harmless Error Analysis

The erroneous admission of extraneous offense evidence under section 3(a) is non-constitutional harm error and is analyzed to determine whether the error affected a substantial right of the defendant. TEX. R. APP. P. 44.2(b); *Peters v. State*, 31 S.W.3d 704, 722 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). Substantial rights are "affected when the error had a substantial and injurious effect or influence in determining the jury's verdict." *King v. State*, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If the error had no, or only a slight influence on the jury's verdict, the error is harmless. *See Johnson v. State*, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).

Our harmless error analysis entails consideration of the following four factors: (1) the source and nature of the error; (2) whether and to what extent the state emphasized the error; (3) the probable collateral implications of the error; and (4) the probable weight a juror would place on the error. *Higginbotham v. State*, 807 S.W.2d 732, 735 (Tex. Crim. App. 1991); *Hoffman v. State*, 874 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1994, writ ref'd).[4] The focus of a harm

---

[4] The fifth factor considered by the courts in *Higginbotham* and *Hoffman*—whether finding the error harmless would encourage the State to repeat it with impunity—

analysis is on the error itself to determine whether the error tainted the jury's otherwise objective assessment of the evidence. *Hoffman*, 874 S.W.2d at 141.

We review the source and nature of the introduction of the allegedly improper evidence to determine whether the state intended to taint the trial by offering inadmissible evidence. *See id.* Here, the State did not aim to taint the judicial process with evidence of the June 21 robbery because it is substantially similar to other properly admitted evidence of a similar nature about which appellant does not complain, namely, the June 3, 2013 robbery of a Dollar Tree store. *Cf. Apolinar v. State*, 106 S.W.3d 407, 415 (Tex. App.—Houston [1st Dist.] 2003), *aff'd* 155 S.W.3d 184 (Tex. Crim. App. 2005) (holding that error in admitting evidence with insufficient notice under article 37.07 § 3(g) was harmless due in part to properly admitted evidence of same nature). Thus, we conclude that this factor weighs in favor of finding the error harmless.

Next, we review the amount of emphasis which the State placed on the extraneous offense. Although there was a significant amount of testimony regarding the June 21, 2013 robbery presented during the punishment phase, any harm was cured by the trial court's oral instruction immediately after presentation of this evidence as well as in its written instruction in the jury charge that the jury should not consider evidence of an extraneous offense unless it believed beyond a

is no longer a proper consideration when conducting a harm analysis under Rule 44.2(b). *See Snowden v. State*, 353 S.W.3d 815, 821–22 (Tex. Crim. App. 2011).

8

reasonable doubt that appellant committed the offense or bad act. *See Hawkins v. State*, 135 S.W.3d 72, 84 (Tex. Crim. App. 2004) (finding that oral instruction coupled with written instruction in jury charge was sufficient to cure harm).[5] We conclude that this factor weighs in favor of finding the error harmless.

The factor assessing the collateral implications of the error refers mainly to such potential grave results as damaging an accused's sole defense. *See Higginbotham*, 807 S.W.2d at 737; *Hoffman*, 874 S.W.2d at 141. The extraneous offense complained of here was raised in the punishment phase and identity was no longer at issue.[6] Therefore, we find no such implication here. *See Hoffman*, 874 S.W.2d at 141; *cf. Higginbotham*, 807 S.W.2d at 737 (noting that introduction of calm confession allowing State to erode defendant's remorse was harmful collateral consequence). Further, evidence regarding the June 21 robbery was not introduced to erode any of appellant's defenses; rather, it was intended to support other properly admitted evidence. Thus, we conclude that this factor weighs in favor of finding the error harmless.

---

[5] Although *Hawkins* addressed whether the trial court had abused its discretion in denying a mistrial, the court noted that its analysis was substantially similar to a non-constitutional harm analysis. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

[6] Defense counsel conceded during the punishment phase that "[i]dentity is not an issue here anymore."

Finally, we also review the probable weight the jury placed on the extraneous offense. During the punishment phase, the jury is allowed to consider all of the evidence presented to it, including the evidence adduced at the guilt-innocence phase. *See Apolinar*, 106 S.W.3d at 415; *King*, 953 S.W.2d at 272. Here, the State introduced evidence of another uncharged aggravated robbery as well as appellant's numerous prior convictions dating back to 1988, including one for robbery. Thus, the jury had before it evidence of appellant's lengthy criminal history. *See King*, 953 S.W.2d at 273 (noting jury could observe escalation in crimes from defendant's chronological criminal history to assess greater punishment). The trial court also provided oral and written instructions to the jury to disregard the extraneous offense evidence if the State did not prove beyond a reasonable doubt that appellant committed the offense. Even with these matters before it, the jury assessed punishment at forty years' confinement, considerably less than the maximum prison time of ninety-nine years. *See* TEX. PENAL CODE ANN. § 12.32 (West 2011);[7] *Apolinar*, 106 S.W.3d at 415 (noting that jury's assessment of thirty-five years' confinement was far less than maximum of ninety-nine years to life and concluding that complained-of admission of

---

[7]    The trial court instructed the jury that if it found the enhancement paragraph true, it should assess punishment at confinement for not less than fifteen years nor more than ninety-nine years or life.

extraneous offense was harmless). We find that this element weighs in favor of finding the error harmless.

Accordingly, we conclude that even if the admission of evidence related to the June 21, 2013 robbery was in error, its admission was harmless. *See Johnson*, 967 S.W.2d at 417. We overrule appellant's point of error.

## Reformation of the Judgment

Finally, the trial court's judgment does not accurately comport with the record as it does not reflect the jury's finding of "true" on the enhancement paragraph for theft by receiving stolen property. "An appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citation omitted); *accord Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App.—Houston [1st Dist.] 2001, no pet.) ("An appellate court has the power to correct and reform a trial court judgment 'to make the record speak the truth when it has the necessary data and information to do so . . . .'"); *see also* TEX. R. APP. P. 43.2(b). The record supports modification of the judgment because the clerk's and court reporter's records reflect that the jury found the enhancement paragraph to be "true," yet this finding was not included in the judgment. Accordingly, the trial court's judgment is modified to reflect that the jury found the enhancement "true."

11

## Conclusion

We modify the trial court's judgment to reflect the jury's finding of "true" regarding the enhancement paragraph. We affirm the judgment of the trial court as modified.


Russell Lloyd
Justice

Panel consists of Justices Keyes, Massengale, and Lloyd.

Do not publish.   TEX. R. APP. P. 47.2(b).